UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GARRISON,

    Plaintiff,

vs.

DEB DUTCHER, *et al.*,

    Defendants.

                             /

Case No. 1:07-cv-642

Hon. Gordon J. Quist

**REPORT AND RECOMMENDATION**

Plaintiff has filed a § 1983 civil rights action against defendants. In his amended complaint, plaintiff alleges that some 15 defendants violated various constitutional rights arising from the following acts: defendants failed to give him a bottom bunk detail; stole mail; violated his right to receive mail; and did not provide plaintiff with his preferred medicine for sinusitis. This matter is now before the court on plaintiff's "Rule 65 motion for temporary restraining order and preliminary injunction" (docket no. 14).

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002). In reviewing requests for injunctive relief, the court considers (1) whether the movant has shown a strong or substantial likelihood or probability of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether the preliminary injunction will cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *See Rock & Roll Hall of Fame v. Gentile Productions*, 134 F.3d 749, 753 (6th Cir.

1998); *McPherson v. Mich. High School Athletic Ass'n,* 119 F.3d 453, 459 (6th Cir. 1997). The plaintiff bears the burden of persuading the court that the factors weigh in favor of granting a preliminary injunction. *Granny Goose Foods, Inc. v Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County,* 415 U.S. 432, 441 (1974).

In the present case, it is unnecessary for the court to address the merits of plaintiff's claims for injunctive relief. The amended complaint alleges actions taken by the staff at the Boyer Road Correctional Facility in Carson City, Michigan. Plaintiff has been transferred from that facility and is currently confined at the Pugsley Correctional Facility in Kingsley, Michigan. *See* docket no. 30. Plaintiff's transfer from the Boyer Road Correctional Facility renders his claims for injunctive relief against that facility's staff moot. *See Henderson v.* Martin, 73 Fed. Appx. 115, 117 (6th Cir. 2003) (prisoner's claim for injunctive relief against prison officials became moot when prisoner was transferred from the prison of which he complained to a different facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (prisoner's claims for declaratory and injunctive relief for prison staff's improper examination of his legal mail found moot because he was no longer confined at the facility that searched his mail).

Accordingly, I respectfully recommend that plaintiff's motion for a temporary restraining order and preliminary injunction (docket no. 14) be **DENIED**.

Dated: January 22, 2008  /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).