UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GARRISON,

    Plaintiff,

v.   Case No. 1:07-cv-642
    HON. GORDON J. QUIST

DEB DUTCHER, *et al.*,

    Defendants.
_____/

### OPINION AND ORDER APPROVING AND ADOPTING
### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on January 22, 2008. The Report and Recommendation was duly served on the parties. The Court has received objections from Plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made.

Plaintiff filed suit against 15 defendants alleging violations of various constitutional rights based on the following acts: failure to give him bottom bunk detail, stolen mail, violations of his right to receive mail, and violations of the Eighth Amendment by failing to provide him with his preferred medicine for sinusitis. Plaintiff filed a motion for a temporary restraining order and a preliminary injunction. The magistrate issued a report and recommendation suggesting that the Court deny Plaintiff's motions because his requests for equitable relief were rendered moot once he was transferred to a different prison. Plaintiff objects that his Eighth Amendment equitable claim is not moot because he continues to be denied his preferred medication at his new prison. Plaintiff

also argues that his request for equitable relief based on his other claims are not moot because he may return to the prison where the incidents allegedly occurred.

As the magistrate correctly noted, a prisoner's claims for injunctive relief based on incidents occurring in one prison become moot once the prisoner is transferred to another prison. *Kensu v. Haight*, 87 F.3d 172, 175 (6th Cir. 1996). Plaintiff first objects that his claims for injunctive relief based on his opened mail and failure to secure bottom bunk detail are not moot because he may be transferred back to his former prison, thus making the claims "capable of repetition yet evading review." However, the Sixth Circuit has held that a prisoner's "assertion that he might return to [his former prison] at an unknown future date does not fall within the exception to the mootness doctrine for matters 'capable of repetition yet evading review'; such speculation simply does not constitute a reasonable showing that he will again be subjected to the conditions at [his former prison]." *Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *2 (6th Cir. June 23, 2000). Thus, Plaintiff's claims for injunctive relief based on opened mail and failure to secure bottom bunk detail are moot.

Plaintiff also objects that his claim for injunctive relief for alleged Eighth Amendment violations based on the failure to provide him with his preferred sinusitis medication is not moot because he continues to be denied his preferred medicine. Although it is unclear whether any of the named Defendants are involved in the denial of his preferred medicine at his new prison, the Court will treat this claim as not moot. *See Fisher v. Overton*, No. 03-CV-71804, 2005 WL 1982925, at * 2(E.D. Mich. Aug. 15, 2005). However, Plaintiff fails to establish that he is entitled to a preliminary injunction or a temporary restraining order based on the alleged Eighth Amendment violations.

In determining whether to grant a preliminary injunction or a temporary restraining order, the Court considers "(1) whether the movant has a strong likelihood of success on the merits, (2)

whether the movant would suffer irreparable injury absent a stay, (3) whether granting the stay would cause substantial harm to others, and (4) whether the public interest would be served by granting the stay." *Northeast Ohio Coal. for Homeless and Serv. Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). Additionally, "[a] preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

Plaintiff fails to carry his burden. Primarily, Plaintiff's likelihood of success on the merits of his Eight Amendment claim is minimal. Plaintiff alleges that Defendants refuse to give him his previously prescribed medication for his sinusitis and instead provide him with a less effective medication. "The Eighth Amendment forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward the inmate's serious medical needs." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004). An Eighth Amendment claim has objective and subjective components. The objective component requires the prisoner to show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The subjective component requires showing that the defendants acted with deliberate indifference. *Id.* Plaintiff's allegations do not satisfy either component. In essence, Plaintiff disagrees with Defendant's course of treatment and claims that the provided medication is ineffective. However, although Plaintiff "did not receive the care he wanted, the conduct he allege[s] d[oes] not constitute a deliberate indifference to his medical needs." *White v. Correctional Med. Serv. Inc.*, 94 F.App'x 262, 264 (6th Cir. 2004). This is because "[a]ny perceived deficiencies in his treatment amount[] to only negligence or a difference of opinion." *Id.* This is consistent with the general principle that a prisoner's disagreement with a course of medical treatment does not state a

federal constitutional claim. *See Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990). *See also*, *Woodberry v. Simmons*, 146 F.App'x. 976, 977 (10th Cir. 2005) ("a difference of opinion between a prisoner and the prison medical staff about medical treatment does not constitute deliberate indifference").

In addition to Plaintiff's minimal likelihood of success on the merits, Plaintiff has not shown that he would be irreparably harmed absent an injunction. Plaintiff has apparently been denied this medication for over two years without severe consequences, and he does not show how the continued denial of this medication would irreparably harm him. The final two factors – whether granting the stay would cause harm to others and the public's interest in a stay – do not favor either Plaintiff or the Defendants. Therefore, after considering all the factors, the Court will deny Plaintiff's motion for a temporary injunction or temporary restraining order. Thus,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (docket no. 31) is **APPROVED AND ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (docket no. 14) is **DENIED**.


Dated:  February 29, 2008                             /s/ Gordon J. Quist
                                                       GORDON J. QUIST
                                                   UNITED STATES DISTRICT JUDGE