UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GARRISON,

        Plaintiff,

Case No. 1:07-CV-642

v.

HON. GORDON J. QUIST

DEB DUTCHER, *et al.*,

        Defendants.

                            /

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on June 29, 2009. The Report and Recommendation was duly served on the parties. The Court has received objections from Plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court finds Plaintiff's objections to be without merit.

The Court previously dismissed Plaintiff's 42 U.S.C. § 1983 claims against thirteen Defendants. Plaintiff now moves for summary judgment against the remaining two Defendants on (1) his First Amendment and Religious Land Use and Institutionalized Persons Act claims against James McMillan, and (2) his First Amendment claim against the mailroom supervisor Deb Dutcher.

The Magistrate Judge recommended that Plaintiff's motion for summary judgment on his claims against Defendant McMillan be denied because Plaintiff failed to present any evidence with his motion to resolve the material issue. The material issue for the claims against Defendant McMillan was whether Defendant McMillan intentionally delayed the delivery of Plaintiff's spiritual

herbs. The Magistrate Judge also recommended that Plaintiff's motion for summary judgment as to Defendant Dutcher be denied because there is an issue of material fact regarding the circumstances surrounding the rejection of the pen pal lists.

Plaintiff made two objections to the Report and Recommendation. First, Plaintiff argues that the record supports his claim that Defendant McMillan intentionally delayed the delivery of Plaintiff's spiritual herbs. However, Plaintiff does not point to any specific facts to establish that there is no genuine issue of material fact as to whether Defendant McMillan's conduct was intentional. Therefore, the Court denies Plaintiff's motion for summary judgment against Defendant McMillan. *See Copeland v. Machulis*, 57 F.3d 476, 478-79 (6th Cir. 1995) ("The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case").

In his second objection, Plaintiff argues that his motion for summary judgment against Defendant Dutcher should have been granted. Here, Defendant Dutcher allegedly destroyed Plaintiff's pen pal lists pursuant to prison policy because the pen pal lists were "unauthorized catalogs." In the alternative, Defendant Dutcher argues that the lists violated the prison's policy prohibiting prisoners from paying to join pen pal organizations. Plaintiff argues that the fact there was pricing information in the pen pal catalog is irrelevant because the pricing information does not justify the rejection of the pen pal list. On March 16, 2007, Plaintiff received a $30.00 refund for the pen pal lists after they were rejected. *See* Docket # 37-5. As the Magistrate Judge observed, the inference to be drawn from the record is that Plaintiff paid for the lists, the mailroom rejected the lists pursuant to prison policy, and Plaintiff received a refund. Therefore, the Court agrees with the Magistrate Judge that there is a genuine issue of material fact regarding the circumstances surrounding the rejection of the pen pal lists. Thus, Plaintiff's motion for summary judgment against Defendant Dutcher is denied. Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (Docket #70) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objections (Docket #74) are overruled and Plaintiff's motion for summary judgment (Docket #64) against Defendants McMillan and Dutcher is **DENIED**.

Dated: September 30, 2009 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE